NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALEJANDRA S. TAYLOR,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2016-1822

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-15-0521-I-1.

---

Decided: September 14, 2016

---

ALEJANDRA S. TAYLOR, FPO, AP, pro se.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

---

Before MOORE, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

Alejandra Taylor appeals the Merit Systems Protection Board's decision denying her claim for survivor annuity benefits after her husband, James Taylor, passed away. Because Mr. Taylor failed to timely elect Mrs. Taylor as his beneficiary, we affirm the Board's decision.

I

In 1991, Mr. Taylor, who at the time was married to a different spouse, retired from federal service. With the consent of his then-spouse, he elected to receive a full retirement annuity payable during his lifetime with no reduction for a survivor annuity. Thereafter, he divorced his prior spouse, and married Alejandra Taylor in 1999.

In 2005, six years after his remarriage, Mr. Taylor wrote to the Office of Personnel Management requesting that his survivor annuity benefit be made to Mrs. Taylor. OPM denied his request because he did not seek to change his election within two years of his remarriage, as required by the relevant statute.

After Mr. Taylor passed away in 2006, his widow applied for death benefits and received a lump sum representing the accrued annuity due Mr. Taylor for the partial month during which he was still alive.

Six years later, Mrs. Taylor reapplied for death benefits. In February 2013, OPM denied her claim because she had already received all the death benefits owed. Further, construing her application as one for survivor benefits, OPM noted that Mr. Taylor had not elected a survivor annuity benefit within the statutorily prescribed two-year period after his marriage to Mrs. Taylor. Therefore, OPM concluded that Mrs. Taylor was not entitled to a survivor benefit.

In a subsequent letter, Mrs. Taylor again requested a survivor benefit and OPM again denied her claim. Mrs.

Taylor appealed to the Board. In an initial order, the administrative judge held that Mrs. Taylor was not entitled to receive survivor benefits because OPM had properly notified Mr. Taylor of the two-year statutory limit to change a survivor annuity benefit, and his failure to timely comply could not be excused. The Board denied Mrs. Taylor's petition for review and affirmed the initial decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9) (2012).

## II

We may set aside a Board decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2012). Mrs. Taylor bears the burden of proving entitlement to annuity benefits. *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed. Cir. 1986).

Mrs. Taylor challenges the Board's determination that she is not entitled to a survivor annuity. We agree with the Board. As a retired, remarrying annuitant, Mr. Taylor was required to submit a written election within two years after his remarriage if he wished to elect a reduced retirement annuity and provide for a survivor annuity for Mrs. Taylor. 5 U.S.C. §§ 8339(j)(5)(C)(i), (k)(2) (2012); *see Schoemakers v. Office of Pers. Mgmt.*, 180 F.3d 1377, 1382 (Fed. Cir. 1999). Substantial evidence supports the Board's finding that even though OPM notified Mr. Taylor of the two-year statutory period to change his election, he did not attempt to elect a reduced retirement annuity with a survivor annuity for Mrs. Taylor until more than six years after they married—i.e., well after the mandatory statutory deadline. Therefore, Mrs. Taylor is not entitled to survivor annuity benefits.

We have considered all other arguments Mrs. Taylor presents and find them unpersuasive. Accordingly, we affirm the Board's decision.[1]

**AFFIRMED**

No costs.

---

[1] We also deny Mrs. Taylor's pending motion for appointment of counsel.